**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JUDICIAL WATCH, INC.,** | |
| **Plaintiff,** | |
| v. | **Civil Action No.  12-1510 (JDB)** |
| **U.S. DEPARTMENT OF JUSTICE,** | |
| **Defendant.** | |

## ORDER

The Department of Justice has moved to stay this Freedom of Information Act (FOIA) case concerning Operation Fast and Furious documents pending further developments in the litigation concerning the underlying subpoena. In the interest of judicial economy, the Court will grant the stay.

On October 11, 2011, the House Oversight and Government Reform Committee issued a subpoena to the Attorney General seeking documents in connection with a congressional investigation into a Bureau of Alcohol, Tobacco, Firearms and Explosives operation known as Operation Fast and Furious. In response to the subpoena, President Barack Obama invoked executive privilege. Plaintiff Judicial Watch promptly made a FOIA request for all records subject to that claim of executive privilege, which the Department of Justice then denied. On September 13, 2012, Judicial Watch filed this suit challenging the denial. The requested documents are also the subject of litigation in an earlier-filed suit before a different judge of this Court. See Comm. on Oversight & Gov't Reform, U.S. House of Representatives v. Holder, No. 12-1332 (D.D.C. Aug. 13, 2012) ("House Committee"). In that action, the House Committee seeks to enforce its subpoena and to challenge the President's assertion of executive privilege.

1

The Attorney General has moved to dismiss the Committee's lawsuit for lack of jurisdiction, the motion has been fully briefed, and argument is now scheduled for April 24, 2013.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). A stay may be granted pending the resolution of another suit with different parties. See Landis, 299 U.S. at 255 (rejecting rule that "there is no power by a stay to compel an unwilling litigant to wait upon the outcome of a controversy to which he is a stranger").

In this case, the Department of Justice has represented that a negotiation and accommodation process is ongoing between the Executive and Legislative Branches over these documents, which "may ultimately result in the release of additional records currently withheld on the grounds of executive privilege." Def.'s Mot. to Stay [Docket Entry 15] at 10 (Jan. 11, 2013); see also Notice [Docket Entry 17] at 1 (Jan. 30, 2013) ("settlement talks between the parties in House Committee are progressing"). Because some of the disputed documents might be released, thereby narrowing the scope of this litigation, staying the case is desirable to conserve the parties' and the Court's resources. See Landis, 299 U.S. at 254. Moreover, rushing to resolve the question in this case, where the House Committee is not a party, risks interfering with the political branches' efforts to resolve the subpoena dispute. See United States v. AT&T Co., 567 F.2d 121, 130 (D.C. Cir. 1977) ("The Constitution contemplates such accommodation. Negotiation between the two branches should thus be viewed as a dynamic process affirmatively furthering the constitutional scheme.").

2

Finally, this suit might well require the Court to pass on the merits of the application of executive privilege to the subpoenaed documents. See generally Judicial Watch, Inc. v. DOJ, 365 F.3d 1108 (D.C. Cir. 2004) (holding that, in some circumstances, executive and presidential communications privileges protect documents from disclosure under FOIA). If the House Committee court denies the motion to dismiss and reaches the question of the application of executive privilege, that decision may be relevant to the merits of the FOIA dispute. See Stonehill v. IRS, 534 F. Supp. 2d 1, 7 (D.D.C. 2008) (relying on "a direct holding on the application of [the] privileges in a prior proceeding" in evaluating scope of FOIA exemption). By contrast, simultaneous resolution of the same invocation of privilege by two judges of this Court is undesirable from a judicial efficiency perspective. And it may be against the interests of comity, especially given that House Committee is the earlier-filed suit and the competing branches of government are present in that litigation. This state of affairs favors proceeding with caution until the likelihood of settlement between the political branches and the likelihood of a relevant decision in the House Committee suit become clearer.

What's more, Judicial Watch has offered no reason that delay would present a hardship. To be sure, it has a right to request the information sought. But a stay does not deny that right, it simply delays—temporarily—adjudication of the right, and Judicial Watch has given no reason that its (or the public's) need for the information is especially urgent. See Jones, 520 U.S. at 707 ("especially in cases of extraordinary public moment, a plaintiff may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted" (alterations and internal quotation marks omitted)).

Judicial Watch expresses concern that the underlying litigation, which raises weighty questions about the political question doctrine, might be subject to lengthy appeals, leading to an

indefinite stay. See also Belize Soc. Dev. Ltd. v. Gov't of Belize, 668 F.3d 724, 732 (D.C. Cir. 2012) (an indefinite stay "require[s] a finding of a pressing need"). But the Department does not seek, and the Court will not award, an indefinite stay pending ultimate resolution of the House Committee litigation. Indeed, if the parties are unable to reach a settlement and if the House Committee court finds that it lacks jurisdiction to reach the merits, the benefits of delaying this case might well be too attenuated to justify any further stay.

In the present circumstances, however, a brief stay is appropriate to allow ongoing settlement discussions and, if a full settlement is not reached, to let the House Committee court rule on the motion to dismiss at issue in the April 24, 2013, hearing.

For the foregoing reasons it is hereby

**ORDERED** that this action is **STAYED** pending further developments in House Committee, No. 12-1332 (D.D.C. Aug. 13, 2012); and it is further

**ORDERED** that the parties shall file a status report with the Court within fourteen days of either a decision on the pending motion to dismiss in House Committee or any settlement of that case, but in any event not later than June 1, 2013, at which time the Court will assess whether any further stay is appropriate.

**SO ORDERED**.

_____/s/_____<br>
JOHN D. BATES<br>
United States District Judge

Dated:  February 15, 2013