IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUDICIAL WATCH, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. No. 1:12-cv-1510 (JDB) |
| U.S. DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendant. | ) ) | |

**JOINT STATUS REPORT**

On February 15, 2013, the Court stayed this Freedom of Information Act (FOIA) case pending further developments in *Committee on Oversight & Government Reform, U.S. House of Representatives v. Holder*, No. 12-1332 (D.D.C. Aug. 13, 2012) ("*House Committee*"). *See* Order 4, Feb. 15, 2013, ECF No. 20. On June 30, 2013, following consideration of a joint status report by the parties, the Court ordered that "the action shall remain stayed pending further developments in *House Committee*." Minute Order, June 30, 2013. The Court further ordered that "the parties shall file a status report with the Court within fourteen days of either a decision on the pending motion to dismiss in *House Committee* or any settlement of that case, but in any event by not later than August 30, 2013, at which time the Court will assess whether any further stay is appropriate." *Id.* There has not yet been a decision on the pending motion to dismiss in *House Committee* nor any settlement of that case. The parties therefore submit this status report.

**Defendant's Position**

In granting the United States Department of Justice's Motion to Stay this case, the Court ruled that "a brief stay is appropriate to allow ongoing settlement discussions" in *House Committee*, and, "if a full settlement is not reached, to let the *House Committee* court rule on the

motion to dismiss" pending in that case. Order 4, Feb. 15, 2013, ECF No. 20. Because no settlement has been reached and the *House Committee* court has not yet ruled on the pending motion to dismiss, the same reasons to stay this case still apply. The Court should therefore continue the stay on the same grounds. For a more detailed explanation of the legal basis for staying this case, Defendant respectfully refers the Court to Defendant's previous filings. *See* Def.'s Mot. to Stay, Jan. 11, 2013, ECF No. 15; Def.'s Reply in Support of Mot. to Stay, Feb. 6, 2013, ECF No. 19; Joint Status Report, May 31, 2013, ECF No. 21.

Defendant proposes that the Court further stay this case and that the parties file a status report with the Court within fourteen days of either a decision on the pending motion to dismiss in *House Committee* or any settlement of that case, but in no event later than October 30, 2013.

Plaintiff's position, set forth below, is identical to the position presented by Plaintiff in the previous status report. *See* Joint Status Report, May 31, 2013, ECF No. 21. Defendant's response, presented in that same filing, still applies with full force. *Id.* (arguing in favor of continuing the stay and presenting several reasons why ordering production of a *Vaughn* index at this stage would be inappropriate, as well as contrary to black letter law.)

**Plaintiff's Position**

Plaintiff continues to maintain that this case should not be stayed pending the outcome of the *House Committee* matter. Plaintiff submitted its FOIA request on June 22, 2012. Plaintiff filed suit on September 12, 2012. Now, almost one year later, the case is no closer to resolution. Plaintiff therefore believes that a briefing schedule should be set at this time.

However, if the Court were to agree with Defendant, Plaintiff renews its request that action be taken to expedite or eliminate the eventual summary judgment briefing in this case. To date, Defendant has not identified the responsive records it continues to withhold. If the Court

were to order Defendant to produce a *Vaughn* index to Plaintiff identifying the records that Defendant continues to withhold, the parties would have the opportunity to use this index to help them narrow, where possible, the withheld records in dispute and limit the need for judicial resources in this matter.

In addition, such action would not interfere with the proceedings in the *House Committee* matter. The production of a *Vaughn* index would not lead to the simultaneous resolution of the same invocation of privilege. Nor would it harm the political branches' efforts to resolve the subpoena dispute. In sum, identifying such records would not cause any harm to the merits briefing or settlement discussions in the *House Committee* matter.

Dated: August 30, 2013                                    Respectfully submitted,

/s/ Michael Bekesha                                       STUART F. DELERY
Michael Bekesha (D.C. Bar No. 995749)                     Assistant Attorney General
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800                         IAN HEATH GERSHENGORN
Washington, DC 20024                                      Deputy Assistant Attorney General
(202) 646-5172
                                                          JOHN R. TYLER
*Counsel for Plaintiff*                                   Assistant Branch Director

                                                          /s/ Luke M. Jones
                                                          LUKE M. JONES
                                                          Trial Attorney
                                                          U.S. Department of Justice
                                                          Civil Division, Federal Programs Branch
                                                          20 Massachusetts Avenue, NW, Room 6126
                                                          Washington, DC 20530
                                                          Tel: (202) 514-3770
                                                          Fax: (202) 616-8460
                                                          Email: luke.jones@usdoj.gov

                                                          *Counsel for Defendant*